**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-3054
_____

EVANGELISTIC CHAPLAIN UNI'QUE GODSON,
                                                              Appellant

v.

DELAWARE DEPARTMENT OF NATURAL RESOURCES, DNREC; HUD;
DEL DOT; NEW CASTLE COUNTY PUBLIC SAFETY;
NEW CASTLE COUNTY ANIMAL CONTROL
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1:22-cv-00963)
District Judge:  Honorable Gregory B. Williams
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 15, 2023
Before:  KRAUSE, PHIPPS, and SCIRICA, <u>Circuit Judges</u>

(Opinion filed: May 16, 2023)
_____

OPINION[*]
_____

**PER CURIAM**

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Evangelistic Chaplain Uni'que Godson, proceeding pro se, appeals from an order of the United States District Court for the District of Delaware dismissing his complaint without leave to amend. For the reasons that follow, we will affirm the judgment of the District Court.

Godson sought to file an in forma pauperis complaint against the U.S. Department of Housing and Urban Development ("HUD"), two Delaware state agencies, and two New Castle County agencies, seeking compensatory and injunctive relief. Godson alleged discrimination based on his race and age relating to his request for assistance after he was bitten by a dog in a public park, lack of responses to his multiple Freedom of Information Act requests, unanswered complaints about noise and traffic on his street, conflicts with his neighbor of which HUD had knowledge when Godson acquired the property, and his receipt of a suspicious package. Dkt. No. 2 at 3, 5-7. He also submitted three motions to add defendants. Dkt. Nos. 1, 7, 10, 12.

The District Court granted Godson's request to proceed in forma pauperis, screened his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), and dismissed it without leave to amend. Dkt. No. 14 & 15. The District Court also denied Godson's motions to add defendants as moot, given the futility of amendment. Id. Godson filed this timely appeal.[1]

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the order dismissing the complaint. Dooley v. Wetzel, 957 F.3d 366, 373 (3d Cir. 2020).

---

[1] Godson also presents a "motion" in support of his appeal and a "motion to come before Court." C.A. Dkt. Nos. 3 & 7.

We review the District Court's denial of Godson's requests to add defendants and its dismissal of his complaint without leave to amend for abuse of discretion. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

Godson argues on appeal that the District Court "incorrectly handled this case in [its] entirety" and "failed to properly respond" to his "various addendums." C.A. Dkt. No. 6 at 1-2. However, to the extent Godson raised constitutional claims against HUD and claims pursuant to 42 U.S.C. § 1983 against state agencies, the District Court properly dismissed these claims. The claims against HUD, a federal agency, cannot be brought under § 1983 as HUD was not acting under color of state law. The claims against the state agencies are barred by the Eleventh Amendment and the text of § 1983. See U.S. Const. amend XI; FDIC v. Meyer, 510 U.S. 471, 475 (1994); Will v. Mich. Dept. of State Police, 491 U.S. 58, 64 (1989) ("[A] State [and its agencies are] not a person within the meaning of § 1983."). The District Court also correctly dismissed Godson's claims against the two New Castle County local agencies for failure to state a claim, as Godson failed to indicate that a policy or custom of New Castle County caused the discrimination he alleged. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (explaining that a complaint will survive dismissal if the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"); Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 695 (1978) ("[I]t is when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983.").

We discern no abuse of discretion in the District Court's dismissal of Godson's complaint without leave to amend to add defendants or otherwise. See Grayson, 293 F.3d at 108. Although leave to amend "shall be freely given when justice so requires," see Fed. R. Civ. P. 15(a), that leave may be denied, as in this case, if amendment would be futile, Foman v. Davis, 371 U.S. 178, 182 (1962). In his motions, Godson made vague requests to add FedEx, the Delaware Department of Human Relations, Delaware Area Rapid Transit, and an unnamed U.S. Marshal as defendants. Dkt. Nos. 7, 10, 12. But none of the claims in the initial complaint related to those defendants, and he did not provide a proposed amended complaint or articulate the claims he intended to make against them. See Dkt. Nos. 7, 10, 12; see also Lake v. Arnold, 232 F.3d 360, 373-74 (3d Cir. 2000) (explaining that, without a proposed amended complaint, a court has "nothing upon which to exercise its discretion"). We do not comment on Godson's ability to bring claims against those defendants in separate actions.

Accordingly, we will affirm the judgment of the District Court.[2]

---

[2] In the brief supporting his appeal, Godson requests the appointment of counsel. C.A. Dkt. No. 6. That request is denied. See Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993). To the extent that Godson requests relief in his motion in support of his appeal, C.A. Dkt. No. 3, that request is also denied. As for Godson's motion to come before the Court, C.A. Dkt. No. 7, to the extent that he requests review by this Court, that motion is granted insomuch as his appeal has now been reviewed on the merits. To the extent that he requests any other relief therein, it is denied.